IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,    )
                              )
v.                            )          No. 04-20481
                              )
MARCUS BUFORD,                )
                              )
        Defendant.            )
                              )
                              )

**ORDER**

Before the Court is Marcus Buford's February 22, 2016 *pro se* Motion for Court Appointed Counsel (the "Motion"). (ECF No. 48 at PageID 73.) On August 9, 2016, the Court construed the Motion as a motion under 28 U.S.C. § 2255 seeking, *inter alia*, relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson</u>"), and ordered the United States to respond. (ECF No. 49 at PageID 79.) The United States responded on September 13, 2016. (ECF No. 52 at PageID 83.)

For the following reasons, the Motion is GRANTED in part and DENIED in part.

I.   **Background**

On November 30, 2004, a federal grand jury in the Western District of Tennessee returned a one-count indictment charging Buford with knowingly possessing a firearm as a convicted felon,

in violation of 18 U.S.C. § 922(g). (ECF No. 1 at PageID 1.)
On August 9, 2005, Buford pled guilty. (ECF No. 29 at PageID
43.)

On September 26, 2005, the United States Probation Office
prepared a Presentence Investigation Report (the "PSR"). (PSR
at 1.) The PSR calculated Buford's guidelines sentencing range
pursuant to the 2004 edition of the United States Sentencing
Commission Guidelines Manual (the "U.S.S.G."). (Id. at 5.)

Buford was an armed career criminal under the Armed Career
Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"). (Id. at 6.) He
had, as three ACCA-predicate convictions, three prior Tennessee
convictions for aggravated assault.[1] (Id. at 7, 9-10.) Buford's
guidelines range was 168-210 months in prison. (Id. at 18.)
Buford's statutory minimum sentence was 180 months. (Id.
(citing 18 U.S.C. § 924(e)).)

On January 19, 2006, the Court sentenced Buford to 180
months, followed by three years' supervised release. (ECF No.
41; ECF No. 42 at PageID 57-58.) Judgment was entered on
January 25, 2006. (ECF No. 42 at PageID 57.)

Buford did not appeal his conviction or his sentence.
Pursuant to a plea agreement, Buford agreed not to appeal his

---

[1] The PSR identified one additional prior conviction as an ACCA-predicate
conviction. (PSR at 6, 9.) The United States does not argue that this
conviction still qualifies.

sentence "so long as his sentence [was] within the statutory maximum." (ECF No. 28 at PageID 37.)

## II.  Standard of Review for § 2255 Motions

Buford seeks relief under 28 U.S.C. § 2255. Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"  McPhearson v. United States, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in

violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A § 2255 motion is not a substitute for a direct appeal. Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013). "[C]laims not raised on direct appeal," which are thus procedurally defaulted, "may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing cases); see also, e.g., Jones v. Bell, 801 F.3d 556, 562 (6th Cir. 2015) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).

In the procedural-default context, the cause inquiry "'ordinarily turn[s] on whether . . . some objective factor external to the defense impeded counsel's efforts'" to raise the issue on direct appeal. Ambrose v. Booker, 684 F.3d 638, 645 (6th Cir. 2012) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (alteration and ellipses in Ambrose); see also United States v. Frady, 456 U.S. 152, 167–68 (1982) (cause-inquiry

standards in § 2254 cases apply to § 2255 cases). "[F]or cause to exist, an 'external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim.'" Bates v. United States, 473 F. App'x 446, 448–49 (6th Cir. 2012) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)) (emphasis removed). To show prejudice to excuse default, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168; see also Ambrose, 684 F.3d at 649.

Alternatively, a petitioner may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." Bousley v. United States, 523 U.S. 614, 623–24 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (quotation marks omitted) (quoting Schlup v. Delo, 513 U.S. 298, 327–28 (1995)).

After a petitioner files a § 2255 motion, the Court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules") at Rule 4(b). "If the

motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The § 2255 movant is entitled to reply to the government's response. Id. at Rule 5(d). The Court may also direct the parties to provide additional information relating to the motion. Id. at Rule 7(a). If the district judge addressing the § 2255 motion is the same judge who oversaw the trial, the judge "'may rely on his or her recollection of the trial'" in denying the motion. Christopher v. United States, 605 F. App'x 533, 537 (6th Cir. 2015) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

## III. Analysis

### A.   Basis and Timeliness of § 2255 Motion

Buford challenges his sentence based on Johnson, which provides a new rule of constitutional law made retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Johnson was decided on June 26, 2015, and Buford filed his Motion on February 22, 2016. Buford filed his Motion within one year of Johnson. Buford's Motion is timely. See 28 U.S.C. § 2255(f)(3).

Buford's Motion alleges constitutional error that resulted in a sentence that now exceeds the statutory limits applicable to his offense. See McPhearson, 675 F.3d at 559. The United

States does not argue that Buford's <u>Johnson</u> challenge is procedurally defaulted. Buford did not challenge his ACCA sentencing enhancement on direct appeal. Courts that have considered procedural-default challenges to prisoners' <u>Johnson</u>-based § 2255 motions have consistently ruled that cause and prejudice excuse a prisoner's procedural default in the <u>Johnson</u> context. <u>E.g.</u>, <u>Duhart v. United States</u>, No. 08-60309-CR, 2016 WL 4720424, at *4 (S.D. Fla. Sept. 9, 2016) ("Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant's direct appeal, '[b]y definition' a claim based on that new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal." (quoting <u>Reed v. Ross</u>, 468 U.S. 1, 17 (1984))).

**B.   ACCA's "Violent Felony" Framework**

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 180 months in prison. 18 U.S.C. § 924(e). Without the prior qualifying convictions, a defendant convicted under § 922(g) is subject to a statutory maximum sentence of 120 months in prison. 18 U.S.C. § 924(a)(2).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (a) "has as

7

an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (b) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offenses clause"); or (c) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).

In Johnson, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process.  135 S. Ct. at 2563.  In Welch, the Supreme Court applied its holding in Johnson retroactively to ACCA cases on collateral review.  136 S. Ct. at 1268.  See also In re Watkins, 810 F.3d 375, 383-84 (6th Cir. 2015) (same).

Johnson does not question sentencing enhancements under the ACCA's use-of-force or enumerated-offenses clauses.  Johnson, 135 S. Ct. at 2563.  "The government accordingly cannot enhance [a defendant's] sentence based on a prior conviction that constitutes a violent felony pursuant only to the residual clause."  United States v. Priddy, 808 F.3d 676, 683 (6th Cir. 2015).  "But a defendant can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense[s] clause."  Id.

"When determining which crimes fall within . . . the violent felony provision" of the ACCA, "federal courts use the

categorical approach." <u>United States v. Covington</u>, 738 F.3d 759, 762 (6th Cir. 2013) (quotation marks omitted).[2] Using that approach, courts "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990).

"[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes . . . a violent felony under the ACCA." <u>Covington</u>, 738 F.3d at 763. "First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'" <u>Id.</u> (quoting <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2293 (2013)). "[A] divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." <u>Descamps</u>, 133 S. Ct. at 2283.

If a statute is divisible, meaning that it "comprises multiple, alternative versions of the crime," a court uses a "modified categorical approach" and may "examine a limited class of documents," such as the indictment and jury instructions, "to determine which of a statute's alternative elements formed the

---

[2] <u>Covington</u> addresses the definition of "crime of violence" in U.S.S.G. § 4B1.2(a). 738 F.3d at 761-62. Guidelines decisions are applicable to ACCA cases because, "[w]hether a conviction is a 'violent felony' under the ACCA is analyzed in the same way as whether a conviction is a 'crime of violence' under . . . § 4B1.2(a)." <u>United States v. McMurray</u>, 653 F.3d 367, 371 n.1 (6th Cir. 2011).

basis of the defendant's prior conviction."[3]  Id. at 2283-84.

"Where the defendant has pled guilty, these so-called Shepard

documents may include the 'charging document, written plea

agreement, transcript of plea colloquy, and any explicit factual

finding by the trial judge to which the defendant assented.'"

United States v. Denson, 728 F.3d 603, 608 (6th Cir. 2013)

(quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

"[T]he question is whether the court documents establish that

the defendant necessarily admitted the elements of a predicate

offense through his plea."  United States v. McMurray, 653 F.3d

367, 377 (6th Cir. 2011) (quotation marks omitted).

The Supreme Court has clarified that a court should use the

modified categorical approach only when a statute "lists

multiple elements disjunctively," not when it "enumerates

various factual means of committing a single element."  Mathis

v. United States, 136 S. Ct. 2243, 2249, 2256 (2016).  A "court

faced with an alternatively phrased statute is thus to determine

---

[3] In United States v. Mitchell, the court explained that "[a] divisible statute is necessary but not sufficient for application of the modified categorical approach."  743 F.3d 1054, 1063 (6th Cir. 2014).  The court further explained, "We make explicit a step in the analysis that the Covington panel alluded to implicitly: if a statute is divisible -- in that it sets out one or more elements of the offense in the alternative -- at least one, but not all of those alternative elements must depart from: (1) the elements of the generic ACCA crime (if the conviction is based on an enumerated offense); or (2) the definitions provided in . . . the 'use of physical force" clause . . . (if the conviction is based on a non-enumerated offense)."  Id. at 1065.  The comments in Mitchell appear to be dicta.  The Court need not determine whether this portion of Mitchell controls because, as discussed below, in McMurray, the Sixth Circuit held that the Tennessee aggravated assault statute under which Buford was convicted covered offense conduct that departed from the definition in the ACCA's use-of-force clause. 653 F.3d at 377.

whether its listed items are elements or means." Id. at 2256.
It can do so by examining state law to determine (a) whether "a
state court decision definitively answers the question," or
(b) whether "the statute on its face . . . resolve[s] the
issue." Id. Alternatively listed items are elements where they
"carry different punishments" or where the statute "itself
identif[ies]" them as "things [that] must be charged." Id.
They are means where the "statutory list is drafted to offer
'illustrative examples'" only. Id. "[I]f state law fails to
provide clear answers," a court may take "a peek at the record
documents" of the prior conviction "for the sole and limited
purpose of determining whether the listed items are elements of
the offense." Id. (alterations and quotation marks omitted).
If the listed items are "means, the court has no call to decide
which of the statutory alternatives was at issue in the earlier
prosecution." Id.

After having determined which of a statute's alternative
elements formed the basis of the defendant's prior conviction,
or after having determined that the statute is indivisible, the
second step in the categorical approach requires the court to
"ask whether the offense the statute describes, as a category,
is a [violent felony]." Covington, 738 F.3d at 763.

"When determining whether a particular offense qualifies as
a 'violent felony' under the use-of-force clause, [a court is]

limited to determining whether that offense 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" Priddy, 808 F.3d at 685 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). "The force involved must be 'violent force -- that is, force capable of causing physical pain or injury to another person.'" Id. (quoting Johnson v. United States, 559 U.S. 133, 140 (2010) ("Johnson 2010")).

"If the offense 'sweeps more broadly' and 'criminalizes a broader swath of conduct' than [would] meet th[is] test[], then the offense, as a category, is not a [violent felony]." Covington, 738 F.3d at 764 (quoting Descamps, 133 S. Ct. at 2281, 2283, 2289-91).

## C. Analysis of Buford's Prior Convictions

Buford has three prior Tennessee convictions for aggravated assault: one 1991 conviction (Case No. 91-06090), and two 1992 convictions (Case Nos. 92-01728, 92-01729). (ECF No. 52 at PageID 84.) At the time of Buford's aggravated assault convictions in 1991 and 1992, Tennessee's aggravated assault statute provided in relevant part:

(a) A person commits aggravated assault who:

    (1) Commits an assault as defined in § 39-13-101, and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon; or

  (2) Being the parent or custodian of a child or
     the custodian of an adult, intentionally or
     knowingly fails or refuses to protect such
     child or adult from an aggravated assault
     described in subsection (a); or

  (3) After having been enjoined or restrained by
     an order, diversion or probation agreement
     of a court of competent jurisdiction from in
     any way causing or attempting to cause
     bodily injury or in any way committing or
     attempting to commit an assault against an
     individual or individuals, attempts to cause
     or causes bodily injury or commits or
     attempts to commit an assault against such
     individual or individuals.

Tenn. Code Ann. § 39-13-102 (1991) (repealed). In 1991 and
1992, § 39-13-101, Tennessee's assault statute, provided in
relevant part:

  (a) A person commits assault who:

    (1) Intentionally, knowingly or recklessly
      causes bodily injury to another;

    (2) Intentionally or knowingly causes another to
      reasonably fear imminent bodily injury; or

    (3) Intentionally or knowingly causes physical
      contact with another and a reasonable person
      would regard the contact as extremely
      offensive or provocative.

Tenn. Code Ann. § 39-13-101 (1991) (repealed).

  "[A]ggravated assault is not an enumerated crime" under the
ACCA. McMurray, 653 F.3d at 373 (analyzing the 1991 version of
Tenn. Code Ann. § 39-13-102). Thus, the Court must determine
whether Buford's prior Tennessee convictions for aggravated
assault qualify as violent felonies under the use-of-force

clause.  The United States argues that Buford's three aggravated assault convictions qualify as predicate offenses under the ACCA's use-of-force clause.  (ECF No. 52 at PageID 85-90.)

### 1.   Divisibility and Analysis of <u>Shepard</u> Documents

Tenn. Code Ann. §§ 39-13-101 and 39-13-102 are divisible statutes.  <u>Davis v. United States</u>, Nos. 3:01-CR-83-RLJ-HBG-1, 3:16-CV-688-RLJ, 2017 WL 1380558, at *4 (E.D. Tenn. Apr. 17, 2017) (addressing 1991 and 1992 aggravated assault convictions and noting § 39-13-101 is divisible between subdivisions (a)(1), (a)(2), and (a)(3) and § 39-13-102(a) is divisible between subdivisions (1)(A) and (1)(B)).  In <u>McMurray</u>, the Sixth Circuit held that a conviction under § 39-13-102 is not categorically a violent felony under the ACCA's use-of-force clause.  653 F.3d at 377.  Because § 39-13-102 is divisible, the Court may examine <u>Shepard</u> documents to determine which of § 39-13-102's alternative elements formed the basis of Buford's prior convictions.  <u>See</u> <u>id.</u> (examining <u>Shepard</u> documents for a conviction under § 39-13-102 to determine whether the defendant "necessarily pleaded guilty to a section of the aggravated-assault statute that constitutes a 'violent felony'").  "If the <u>Shepard</u> documents reveal that the defendant was convicted of an offense that qualifies as a 'violent felony' under the ACCA's "[use-of-]force clause," then <u>Johnson</u> does not affect the

defendant's designation as an Armed Career Criminal." Braden v.
United States, 817 F.3d 926, 933 (6th Cir. 2016).

On June 20, 1991, in Case No. 91-06090, a Tennessee grand
jury returned an indictment charging that, on February 22, 1991,
Buford "did unlawfully and intentionally by use of a deadly
weapon . . . cause bodily injury to" a victim, "in violation of
T.C.A. 39-13-102." (ECF No. 52-1 at PageID 101-02.) Buford's
record of judgment shows that he pled guilty to aggravated
assault under § 39-13-102, a felony. (Id. at PageID 100.)
Buford pled guilty to the crime of aggravated assault as charged
in the indictment. (Id.)

Section 39-13-102(a)(1)(B) made it a crime to "[u]se[] or
display[] a deadly weapon" while "[c]ommit[ing] an assault as
defined in § 39-13-101," where § 39-13-101 assault included
"[i]ntentionally, knowingly or recklessly caus[ing] bodily
injury to another." Tenn. Code Ann. §§ 39-13-101(a)(1), 39-13-
102(a)(1)(B). Because the indictment charged that Buford
"intentionally by use of a deadly weapon . . . cause[d] bodily
injury to" the victim, Buford must have been charged with and
pled guilty to violating § 39-13-102(a)(1)(B) committed
intentionally. A conviction under § 39-13-102(a)(1)(B)
committed intentionally qualifies as a violent felony under the
ACCA's use-of-force clause because it necessarily "has as an
element the use, attempted use, or threatened use of physical

force against the person of another." 18 U.S.C.
§ 924(e)(2)(B)(i); cf. Braden, 817 F.3d at 933 (analyzing the
1998 version of Tennessee's aggravated assault statute and
concluding that intentionally or knowingly committing an assault
while using or displaying a deadly weapon qualifies as a violent
felony under the ACCA's use-of-force clause).[4] Buford's 1991
Tennessee aggravated assault conviction qualifies as a violent
felony under the ACCA's use-of-force clause because Buford
necessarily admitted the elements of a predicate offense by his
plea.

On February 25, 1992, a Tennessee grand jury returned two
indictments against Buford. (ECF No. 52-1 at PageID 95-96, 98-
99.) In Case No. 92-01728, the indictment charged that, on
December 7, 1991, Buford "did unlawfully attempt to commit the
offense of First Degree Murder." (Id. at PageID 96.) Buford's
record of judgment in Case No. 92-01728 shows that he pled

---

[4] Unlike the aggravated assault statute under which Buford was convicted, the
statute at issue in Braden explicitly provided that an aggravated assault
committed intentionally or knowingly was a distinct offense from aggravated
assault committed recklessly. 817 F.3d at 933 (citing United States v.
Cooper, 739 F.3d 873, 880 (6th Cir. 2014) (analyzing the 1998 version of
§ 39-13-102 to determine whether a § 39-13-102 offense is a crime of violence
under U.S.S.G. § 4B1.2(a)); see also Cooper, 739 F.3d at 878 (quoting
statute). Therefore, Shepard documents could be considered. One court in
this Circuit, however, has opined that Tenn. Code Ann. § 39-13-101 (1991) is
not divisible "with regard to the levels of mens rea -- intentional, knowing,
or reckless -- contained within [the statute's] subdivisions." Davis, 2017
WL 1380558, at *4. The United States cites no contrary authority. It is not
necessary to resolve this issue, however, because, as discussed below, other
grounds preclude a finding that Buford has three ACCA predicate offenses
after Johnson.

guilty to aggravated assault under § 39-13-102, a felony. (Id. at PageID 94.)

In Case No. 92-01729, the indictment charged that, on December 10, 1991, Buford "did unlawfully attempt to commit the offense of First Degree Murder." (Id. at PageID 99.) Buford's record of judgment in Case No. 92-01729 shows that he pled guilty to aggravated assault under § 39-13-102, a felony. (Id. at PageID 97.)

Because Buford did not plead guilty to attempt to commit first degree murder as charged in the indictments, it is unclear from the indictments and the records of judgment which alternative elements of a § 39-13-102 offense formed the basis of Buford's 1992 convictions. Buford could have committed his § 39-13-102 offenses intentionally, knowingly, or recklessly. The United States has produced a transcript of Buford's plea colloquy for those convictions, but the plea colloquy does not clarify which alternative elements of a § 39-13-102 offense Buford necessarily admitted. Addressing the the mental state element at Buford's plea colloquy, the government explained: "Your Honor, the reason for the recommended reduction is that the facts of this case would seem to be facts that would support aggravated assault. The Defendant -- we don't know what the Defendant's intention was at the time of these shootings . . . ." (Id. at PageID 108-09.) From these Shepard

17

documents, it is possible that Buford pled guilty to Tennessee aggravated assault committed recklessly, rather than intentionally or knowingly. "If [a] statute is to satisfy the categorical approach, each avenue for violating [the statute] must constitute a [violent felony]." United States v. Cooper, 739 F.3d 873, 879 (6th Cir. 2014).

In McMurray, the Sixth Circuit addressed whether a § 39-13-102 aggravated assault offense committed recklessly qualifies as a violent felony under the ACCA's use-of-force clause. 653 F.3d at 373-76. The McMurray court "conclude[d] that the 'use of physical force' clause of the ACCA, § 924(e)(2)(B)(i), requires more than reckless conduct." Id. at 375. McMurray held that, "[b]ecause recklessly causing serious bodily injury to another does not qualify as a 'violent felony' under . . . the 'use of force' clause . . . Tennessee's aggravated-assault statute, § 39-13-102 (1991), is not categorically a 'violent felony.'" Id. at 377.

Based on the Shepard documents for Buford's 1992 convictions, it is possible that he pled guilty to Tennessee aggravated assault committed recklessly, rather than intentionally or knowingly. Under McMurray, Tennessee aggravated assault committed recklessly does not qualify as a violent felony under the ACCA's use-of-force clause. 653 F.3d at 376-77. Buford's 1992 Tennessee aggravated assault

18

convictions do not qualify as violent felonies under the ACCA's use-of-force clause.

## 2.  Impact of **Voisine v. United States**

The United States argues that the Supreme Court's recent decision in Voisine v. United States, 136 S. Ct. 2272 (2016), has undermined the holding in McMurray and that convictions based on reckless conduct can now qualify as violent felonies under the ACCA's use-of-force clause.  (ECF No. 52 at PageID 86, 90.)

In Voisine, the Supreme Court addressed whether 18 U.S.C. § 922(g)(9), which makes it a crime for anyone who has been convicted of a "misdemeanor crime of domestic violence" to possess a firearm, extends to misdemeanor assault convictions based on reckless conduct.  136 S. Ct. at 2276.  The Court held that it does.  Id.  The Court noted that a misdemeanor crime of domestic violence is defined "to include crimes that necessarily involve the 'use . . . of physical force.'"  Id. (quoting § 921(a)(33)(A)) (alteration in original).

The Court explained that "[n]othing in the word 'use' . . . indicates that § 922(g)(9) applies exclusively to knowing or intentional domestic assaults."  Id. at 2278.  Although finding that the "force involved in a qualifying assault must be volitional," the Court observed that the word "use" is "indifferent as to whether the actor has the mental state of

intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." Id. at 2278-79. The Court concluded that the "relevant text" prohibits those with misdemeanor domestic assault convictions based on reckless conduct from possessing firearms. Id. at 2280.

The Court also examined the historical context in which § 922(g)(9) was enacted and found that it "was no coincidence" that, at the time, a "significant majority of jurisdictions -- 34 States plus the District of Columbia -- defined [assault or battery] misdemeanor offenses to include the reckless infliction of bodily harm." Id. The Court decided that, "in linking § 922(g)(9) to those laws, Congress must have known it was sweeping in some persons who had engaged in reckless conduct." Id. The Court noted that a contrary interpretation "risks rendering § 922(g)(9) broadly inoperative in the 35 jurisdictions with assault laws extending to recklessness." Id. Based on statutory text and context, the Court held that § 922(g)(9) extends to misdemeanor convictions based on reckless conduct. Id. at 2282.

The United States argues that Voisine has undermined McMurray because McMurray based its holding on a reading of Leocal v. Ashcroft, 543 U.S. 1 (2004), which Voisine rejected. (ECF No. 52 at PageID 88.) In Leocal, the Supreme Court addressed whether state DUI offenses, which do not have a mental

20

state element or require only a showing of negligence in the operation of a vehicle, qualify as "crime[s] of violence" under 18 U.S.C. § 16. 543 U.S. at 3, 6. Convictions for aggravated felonies, defined to include "crime[s] of violence" in § 16, made aliens deportable under the Immigration and Naturalization Act. Id. at 4. The Court observed that the plain text of § 16(a) "states that an offense, to qualify as a crime of violence, must have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Id. at 8 (quoting § 16(a)). Finding the word "use" to be too "elastic," the Court construed that word "in its context" and decided that § 16 does not extend to crimes committed at most negligently because "use" requires the active employment of physical force against another. Id. at 9, 13. The Court left open the question of whether an offense requiring proof of the reckless use of force would qualify as a crime of violence under § 16. Id. at 13.

The court in McMurray was persuaded by circuit decisions, including a prior Sixth Circuit decision, that extended Leocal's reasoning to conclude that both § 16's and U.S.S.G. § 2L1.2(b)(1)(A)(ii)'s definitions of "crime of violence" do not include crimes committed recklessly. 653 F.3d at 374. McMurray observed that the use-of-force clauses in § 16(a) and the ACCA were nearly identical. Id. at 373. It concluded that the

ACCA's use-of-force clause, § 924(e)(2)(B)(i), does not include crimes committed recklessly.  Id. at 374-75.

The Supreme Court in Voisine discussed Leocal, but decided that Leocal did not compel the conclusion that misdemeanor crimes of domestic violence do not include misdemeanor domestic assaults committed recklessly.  136 S. Ct. at 2279-80.  The Supreme Court noted that Leocal "specifically reserve[d] the issue whether the definition in § 16 embraces reckless conduct."  Id.  The Court noted that its holding was not inconsistent with Leocal.  Id. at 2280 n.4.

McMurray relied, in part, on Leocal in holding that § 924(e)(2)(B)(i) does not include crimes committed recklessly.  The Supreme Court concluded in Voisine that Leocal was not inconsistent with its holding that § 922(g)(9) extends to crimes committed recklessly.  The United States argues that Voisine has undermined McMurray and that Tennessee aggravated assault "convictions based on reckless conduct can qualify as violent felonies under the ACCA."  (ECF No. 52 at PageID 86, 90.)

The United States' argument does not recognize that the Supreme Court expressly limited the reach of its holding in Voisine.  The Voisine Court emphasized that its "decision . . . concerning § 921(a)(33)(A)'s scope does not resolve whether § 16 includes reckless behavior."  Id. at 2280 n.4.  The Court explained, "Courts have sometimes given those two statutory

22

definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states." Id. Voisine held that § 921(a)(33)(A) reaches misdemeanor domestic assault crimes committed recklessly only after engaging in the required contextual inquiry. The Court did not discuss the ACCA's context or address whether § 924(e)(2)(B)(i) reaches felonies committed recklessly.

The United States argues that the word "use" should be construed in § 924(e)(2)(B)(i) as the Supreme Court has construed it in § 921(a)(33)(A). (ECF No. 52 at PageID 88-89.) The United States argues that, unlike § 16, discussed in Leocal, both § 924(e)(2)(B)(i) and § 921(a)(33)(A) "are part of the firearms chapter of Title 18 and were designed with the goal of preventing firearm violence." (Id.) That does not mean, however, that identical words and phrases used in the firearms chapter necessarily have the same meaning, as Voisine's expressly limited holding makes clear. See Voisine, 136 S. Ct. at 2280 n.4.

The United States acknowledges that the same word can have different meanings, noting that the Supreme Court has construed the word "force" differently in the respective contexts of § 924(e)(2)(B)(i) and § 921(a)(33)(A). (ECF No. 52 at PageID 89 (comparing United States v. Castleman, 134 S. Ct. 1405, 1410-13

(2014) (holding that common-law meaning of force applied to the word "force" as used in § 921(a)(33)(A)), with Johnson 2010, 559 U.S. at 140 (holding that common-law meaning of force did not apply to the word "force" as used in § 924(e)(2)(B)(i))).) The United States contends that, "even though the provisions differ as to what 'physical force' means, the word 'use' should be interpreted in the same way [in] both provisions." (Id.) The United States' argument gives insufficient weight to the Supreme Court's heavy reliance on context when construing the word "use," as well as the word "force," as demonstrated in Leocal and Voisine.

The United States points out that the Eighth Circuit, in United States v. Fogg, 836 F.3d 951, 956 (8th Cir. 2016), has held that, in light of Voisine, § 924(e)(2)(B)(i) extends to crimes committed recklessly. (ECF No. 52 at PageID 89.) Since the United States responded to Buford's Motion, the Fifth Circuit in United States v. Howell has similarly held, based on Voisine, that U.S.S.G. § 4B1.2(a)(1)'s use-of-force clause extends to crimes committed recklessly. 838 F.3d 489, 501 (5th Cir. 2016). Neither decision discusses or acknowledges the Supreme Court's expressly limited holding in Voisine that its "use" analysis does not resolve whether statutes like § 16, which employ the same statutory language, also extend to crimes

committed recklessly.  Neither decision is controlling in this Circuit.

Since _Voisine_, district courts have adhered to their circuits' binding precedents holding that the use-of-force clauses in the ACCA and U.S.S.G. § 4B1.2(a) do not extend to crimes committed recklessly and have concluded that _Voisine_'s expressly limited holding does not undermine those precedents. _See Davis_, 2017 WL 1380558, at *6-8 (collecting cases).  Courts in this Circuit have rejected the argument that _Voisine_ has undermined _McMurray_'s holding that crimes committed recklessly cannot qualify as ACCA predicates under the ACCA's use-of-force clause.  _E.g._, _id._ at *2-3, *9 (analyzing whether 1991 and 1992 Tennessee aggravated assault convictions based on reckless conduct qualify as predicate offenses under the ACCA's use-of-force clause); _United States v. Wehunt_, ___ F. Supp. 3d ___, No. 1:16-cr-17-1, 2017 WL 347544, at *1-2, *8 (E.D. Tenn. Jan. 24, 2017) (analyzing whether 2007 Tennessee aggravated assault conviction based on reckless conduct qualifies as a predicate offense under U.S.S.G. § 4B1.2(a)(1)).  After discussing _Voisine_ and various subsequent decisions, _Wehunt_ concluded: "[T]he Court is not powerfully convinced that the Sixth Circuit would conclude at the next available opportunity that _Voisine_ overruled _McMurray_.  Accordingly, it is bound to follow _McMurray_ until such time as the Sixth Circuit sees fit to review its case

law." Id. at ___, 2017 WL 347544, at *8; see also Davis, 2017 WL 1380558, at *9-10 (agreeing with Wehunt).

"A published prior panel decision" by the Sixth Circuit "'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision.'" Rutherford v. Columbia Gas, 575 F.3d 616, 619 (6th Cir. 2009) (quoting Salmi v. Sec'y of Health & Human Servs., 774 F.2d 685, 689 (6th Cir. 1985)). Voisine is not an inconsistent decision that requires modification of McMurray. See Wehunt, ___ F. Supp. 3d at ___, 2017 WL 347544, at *8. This Court is bound to follow McMurray. In this Circuit, a conviction based on reckless conduct under the 1991-92 version of Tennessee's aggravated assault statute is not a violent felony under the ACCA's use-of-force clause.[5]

### 3.    Impact of Alford Plea

Even were the United States correct that Voisine has undermined McMurray such that crimes committed recklessly may now qualify as violent felonies under the ACCA's use-of-force clause, Tenn. Code Ann. § 39-13-102 may be overbroad for other

---

[5] Wehunt noted that the Sixth Circuit may address whether McMurray remains good law in light of Voisine in several pending cases. Wehunt, ___ F. Supp. 3d at ___, 2017 WL 347544, at *8 n.8. For the reasons discussed below, the Court should not defer addressing the United States' Voisine arguments because, without his ACCA sentencing enhancement, Buford's sentence presently exceeds the statutory maximum under 18 U.S.C. § 924(a)(2) and also because at least one of Buford's convictions no longer qualifies as an ACCA predicate notwithstanding Voisine.

reasons.  McMurray addressed whether a § 39-13-102 offense is overbroad because it can be committed recklessly.  653 F.3d at 373.  McMurray did not rule out that § 39-13-102 may be overbroad for other reasons.  For example, in Cooper, the Sixth Circuit analyzed the 1998 version of § 39-13-102 and concluded that an offense under it is not categorically a violent felony in part because "it punishes a parent's failure to prevent an aggravated assault against his or her child."  739 F.3d at 880.  The version of § 39-13-102 in effect at the time of Buford's convictions criminalized the same conduct.  Tenn. Code Ann. § 39-13-102(a)(2).

As they relate to Buford's 1992 convictions, the Shepard documents "render[] opaque" which elements formed the basis of his conviction in Case No. 92-01729.  See Descamps, 133 S. Ct. at 2283.  In Case No. 92-01728, the plea colloquy reveals that Buford admitted shooting the victim in the thigh.  (ECF No. 52-1 at PageID 107-10.)  By his admission, Buford necessarily admitted the elements of an aggravated assault offense committed by "[c]aus[ing] serious bodily injury to another," even if done recklessly.  Tenn. Code Ann. § 39-13-102(a)(1)(A).

In Case No. 92-01729, the plea colloquy reveals that Buford denied shooting the victim and entered an Alford plea.  (ECF No. 52-1 at PageID 110.)  McMurray addressed how a court is to apply the modified categorical approach when a defendant pleads guilty

to a Tennessee crime under <u>North Carolina v. Alford</u>, 400 U.S. 25

(1970). <u>See</u> <u>McMurray</u>, 653 F.3d at 378-79. <u>McMurray</u> held that,

"[f]or a conviction resulting from an <u>Alford</u>-type guilty plea,

the defendant has 'necessarily' admitted to the elements of the

charge but not necessarily the underlying factual basis." <u>Id.</u>

at 381 ("It makes no difference that everyone understood

McMurray's plea as relating to the facts alleged by the state at

the plea hearing."). The Sixth Circuit described the

circumstances in which a conviction based on an <u>Alford</u>-plea

could serve as an ACCA predicate:

> [T]he fact that a plea is an <u>Alford</u>-type plea does not
> prevent the resulting conviction from ever serving as
> a predicate conviction for sentence enhancement.
> Convictions based on <u>Alford</u>-type pleas can be
> predicate convictions under the ACCA if the qualifying
> crime is inherent in the fact of the prior conviction—
> i.e., if the statute of conviction is categorically a
> "violent felony" or the <u>Shepard</u> documents demonstrate
> with certainty that the defendant pleaded guilty to a
> narrowed charge that would qualify as a "violent
> felony." Additionally, any facts reflected in the
> <u>Shepard</u> documents to which the defendant did admit in
> the course of his <u>Alford</u>-type plea can be considered.

<u>Id.</u> (citation omitted).

Reviewing Buford's 1992 aggravated assault conviction in

Case No. 92-01729, the plea colloquy establishes that Buford, by

entering an <u>Alford</u> plea, necessarily admitted the elements of a

§ 39-13-102 offense, but not the underlying factual basis for

the offense. None of the criteria in <u>McMurray</u> that would allow

Buford's conviction to serve as an ACCA predicate is satisfied.

28

Section 39-13-102 is not categorically a violent felony.  Id. at 377.  The Shepard documents do not demonstrate with certainty that Buford pled guilty to a narrowed charge that would qualify as a violent felony.  At the plea colloquy, Buford explicitly denied shooting the victim and asserted that another person was responsible for the shooting.  (ECF No. 52-1 at PageID 110, 112-13.)  Because the Shepard documents do not establish that Buford necessarily admitted the elements of a predicate offense by his plea, Buford's aggravated assault conviction in Case No. 92-01729 cannot serve as an ACCA-predicate offense.

Buford no longer has at least three ACCA-predicate offenses.  He is entitled to relief under Johnson.

## IV.  Conclusion

For the foregoing reasons, Buford's Motion seeking relief under Johnson is GRANTED.  The Motion is DENIED as moot on all other grounds.[6]

Because Buford is entitled to relief under Johnson, the sentence in Criminal Case No. 04-20481-SHM-1 is VACATED.  The Court in its discretion may correct a sentence without requiring the production of the prisoner.  See 28 U.S.C. § 2255(c).  Buford has served more than the ten-year statutory maximum term

---

[6] In his Motion, Buford also contends that he did not receive full credit for jail time served before the commencement of his current sentence, and he challenges other sentencing enhancements.  (ECF No. 48 at PageID 74-75.)  Because Buford is entitled to relief under Johnson and he is sentenced to time served, the Court need not determine whether Buford is entitled to relief on other grounds.

under 18 U.S.C. § 924(a)(2). (Probation Mem. at 3.) Buford is sentenced to time served, to be followed by a three-year period of supervised release. All other terms and conditions the Court imposed in its Judgment in Criminal Case No. 04-20481-SHM-1 are reimposed. (ECF No. 42.) This order shall take effect 10 days from entry.

So ordered this 26th day of April, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE